IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CIVIL ACTION |
| | : | |
| | : | No. 14-323-10 |
| v. | : | |
| | : | |
| ROBERT DUSON | : | |
| Defendant. | : | |

# ORDER

Defendant Robert Duson has filed a motion for an order compelling the Government to produce a Bill of Particulars.

A Bill of Particulars is "[a] formal, detailed statement of the claims or charges brought by a … prosecutor." Black's Law Dictionary (10th ed. 2014).  Its purpose "is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63–4 (3d Cir. 1971); *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005).

Defendant seeks a bill of particulars on the grounds that the most recent indictment against him, the Second Superseding Indictment (SSI), fails to provide sufficient factual information that would enable him to adequately prepare his defense.  He acknowledges that the Government has produced a significant amount of discovery but contends the Government has nonetheless failed to provide necessary information to him.  Defendant asks the Court to order the Government to provide information including, "[t]he full identities of all conspirators known by the government…; [a]ll occasions when and where Mr. Duson distributed cocaine and heroin

during the course of the alleged conspiracy…" and many other pieces of information. Defendant's Memorandum in Support of his Motion for a Bill of Particulars.

Fed. R. Crim. P. 7(f) permits the Court to compel the Government to produce a bill of particulars. Whether the Court shall order the Government to produce a bill of particulars is within the Court's discretion. *Addonizio*, 451 F.2d at 64 ("In the final analysis then, the granting of a bill of particulars remains a discretionary matter with the trial court"). However there are important principles guiding the Court's decision. On one hand, comments to the rule note that amendments in 1966 were intended to "encourage a more liberal attitude by the courts towards bills of particulars …" Fed. R. Crim. P. 7, Notes of Advisory Committee on Rules—1966 Amendment. On the other, a bill of particulars is not a tool for broad factual discovery. "A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). Where the government has provided discovery, courts have found need for a bill of particulars to be greatly reduced. *Urban*, 404 F.3d at 772; *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (affirming denial of motion for bill of particulars because indictment was not vague and "government provided appellant with a large volume of information…. Full discovery also obviates the need for a bill of particulars.").

I am not persuaded that I should compel the Government to produce a bill of particulars. The SSI "was neither vague nor overbroad. It apprised [Defendant] of the federal offense with which he was charged and of the overt acts which allegedly contributed to his participation in the conspiracy." *Giese*, 597 F.2d at 1180. The entire SSI exceeds 300 pages, and each count describes the date and conduct alleged sufficiently to permit Defendant to prepare his defense. Furthermore, Defendant has received significant discovery from the Government. Armed with

an extensive and detailed Indictment and the Government's discovery production, I am confident Defendant has sufficient information about the Government's allegations to prepare his defense.

Accordingly, Defendant's Motion for a Bill of Particulars is **DENIED.**

          /s/ Gerald Austin McHugh
          Gerald Austin McHugh, J.
          United States District Judge